QUEBEDEAUX et al. v. HAMMONS, Superintendent of Banks of Arizona.

Circuit Court of Appeals, Ninth Circuit. November 7, 1927.

No. 5153.

1. Bills and notes ⊜⟾537(1)—Issue of liability of bank president as principal·on notes signed by him as agent for sheep company held for jury.

In action on notes signed, "Aztec Sheep Company, by T. M. Q.," in which person so signing as agent was made defendant, evidence that defendant himself was conducting sheep business under trade-name *held* to make issue for jury of defendant's liability as principal, notwithstanding claim that bank, of which defendant was president, conducted sheep business.

2. Trial ⊜⟾139(1)—Peremptory instruction for defendant must be refused, if there is any substantial evidence sustaining allegations of complaint.

If there is any substantial evidence to sustain allegations of complaint, peremptory instruction to find for defendant must be refused.

3. Bills and notes ⊜⟾504—Where defendant, signing as agent notes secured by mortgage on sheep, denied owning sheep at any time, evidence showing subsequent ownership held admissible.

In action against defendant, signing notes as agent for sheep company, testimony of witnesses as to conversation showing defendant's ownership of sheep subsequent to time of notes and mortgage thereon was admissible, where defendant specifically denied that sheep were at any time his property.

4. Evidence ⊜⟾222(2)—Admission of defendant, signing notes sued on as agent for sheep company, that he had taken over mortgaged sheep to relieve bank, held admissible to show time of ownership.

In action against president of defunct bank, signing notes as agent for sheep company, admission that sheep mortgaged to secure notes had been property of bank, but that defendant had to take them over to relieve bank, *held* admissible to show time of defendant's ownership of sheep, where bank ceased to do business during year when notes were executed.

5. Bills and notes ⊜⟾504—Redelivery bond to recover mortgaged sheep, executed by person signing notes as agent, held admissible to prove liability as principal.

Redelivery bond, executed by defendant to recover mortgaged sheep, *held* admissible to prove defendant's liability as principal, in action on notes signed by defendant as agent for sheep company, secured by mortgage on sheep.

In Error to the District Court of the United States for The District of Arizona; F. C. Jacobs, Judge.

Action by A. T. Hammons, Superintendent of Banks of the State of Arizona, and ex officio receiver of and in charge of the Bank of Winslow, against T. M. Quebedeaux, doing business under the name and style of Aztec Sheep Company, and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Prior to May 1, 1920, and for several years thereafter, the plaintiff in error Quebedeaux, hereinafter named the defendant, was the president of the Arizona State Bank. On May 1, 1920, the bank made a loan to R. G. and E. P. Chambers, and to secure the same took a mortgage on a herd of sheep. Later the sheep were removed to the neighboring state of Colorado. The bank, having discovered that fact, recovered possession and judgment in an action of replevin at Denver, and thereupon sold the lambs and older ewes. The remainder, consisting of young ewes, were bought in by one Bushman, and by him were taken back to Arizona. There was testimony that in so doing he acted as agent of the bank. The money received upon the sale of the old ewes was used by the defendant in purchasing other sheep. On or about November 19, 1920, Aldrich, who at the defendant's instance had gone to Colorado to identify the sheep, executed a note to Bushman for $11,000, and entered into a contract whereby Bushman was to surrender to him the possession of 1,756 head of sheep, valued at $22,000, which sheep Aldrich was to care for and handle, and in which he was to have an undivided one-half interest on the payment of his said note. Further provision was made, looking toward a future formation of a partnership between the parties, if agreeable to both. At the same date a like contract was made, wherein Aldrich, to secure his note of $11,000 to the defendant, was to receive from the latter a half interest in a herd of 1,664 sheep, with a like provision for a future partnership, if agreeable to both parties.

On November 30th, Bushman, in consider-

ation of $1, transferred to the defendant his interest in his contract with Aldrich. Both contracts were later rescinded by the defendant, and the notes of Aldrich were returned to him, and the sheep were placed in charge of one Alamondez. On the day on which the contracts were entered into the bank received two chattel mortgages, one on each of the two herds of sheep therein mentioned, each mortgage to secure the sum of $22,000. The mortgages were signed, "Aztec Sheep Company, by Kenneth H. Myers, Manager." Myers was the cashier of the bank. The Aztec Sheep Company was not a corporation or firm, but was a trade-name under which the sheep were cared for and handled, and in which an account with the bank was kept. Renewal notes and mortgages were taken by the bank to secure the debt, until in 1924, when the bank closed its doors and the Bank of Winslow took over its business. At that time the defendant executed two new notes to the Bank of Winslow, and signed them, "Aztec Sheep Company, by T. M. Quebedeaux." One note was for $29,920.14, and the other was for $8,209.78, and together they represented the balance of the debt of the so-called Aztec Sheep Company to the Arizona State Bank.

Later, upon the failure of the Bank of Winslow, the superintendent of banks of the state of Arizona, as receiver thereof, brought in the court below an action against the defendant Quebedeaux to recover upon the said promissory notes. In answer thereto the defendant alleged that the Arizona State Bank had conducted the sheep business under the trade-name of Aztec Sheep Company, and that the said notes were the notes of said bank, and were not the notes of the said defendant. The jury returned a verdict for the plaintiff in that action, and judgment was rendered thereon.

C. B. Wilson, of Flagstaff, Ariz., Jos. H. Morgan, of Prescott, Ariz., and Chalmers, Fennemore & Nairn, of Phœnix, Ariz., for plaintiffs in error.

Sydney Sapp, of Holbrook, Ariz., and John A. Ellis, of Prescott, Ariz. (Clarence N. Boord, of Prescott, Ariz., of counsel), for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] In the court below the defendant, Quebedeaux, moved for a directed verdict in his favor on the ground that it appeared from the testimony that he was not liable on the notes sued upon. Error is assigned to the denial of that motion. Upon consideration of the whole of the testimony, we are not convinced that the ruling was erroneous. The pivotal question was whether the notes were the obligation of the defendant or of the Arizona State Bank.

Aldrich testified that, as he understood it, he was one of the members of the Aztec Sheep Company. "I was a partner of that concern. It was not incorporated. Tom Quebedeaux was the other partner. I became a partner in August of 1920. I became a partner under a suit of replevin of sheep that was moved from Arizona into Colorado. * * * Mr. Quebedeaux was going to sell the ewes, and he asked me about them, and I told him, if he sold the ewes, he would lose his permit in the White Mountains, so he decided to ship the sheep back to Arizona. Sam Bushman, of Gallup, bought the outfit in for Mr. Quebedeaux, and on my return, back from Colorado, we signed up a contract. Sam Bushman was acting for Mr. Quebedeaux at that time. * * * In all the deals between Mr. Quebedeaux and myself, after we got back from Colorado, Mr. Quebedeaux was acting personally. I don't believe the Arizona State Bank was my partner, when I was a member of this partnership, because I signed notes to Mr. Quebedeaux, and not the Arizona State Bank. * * * The way it was explained to me by Mr. Quebedeaux, the sheep were in litigation in Colorado, and he did not want his name to appear on the purchase of the sheep; so he got Sam Bushman to buy the sheep for him at Denver. * * * The contract between Mr. Quebedeaux and myself was terminated by Mr. Quebedeaux; the Arizona State Bank having had nothing to do with the closing out, to my knowledge. My dealings were all with Mr. Quebedeaux." On cross-examination the witness admitted that he had no knowledge of whose property it was, but he was under the impression it was the property of Mr. Quebedeaux. "I could not say that Mr. Quebedeaux, or anybody connected with the bank, ever made a representation to me that this was the actual property of Mr. Quebedeaux, but I was led to believe it was his property by himself personally."

In addition to the testimony of Aldrich is the testimony of Greer and Haws. Greer testified that in the summer of 1924 he wrote to the Arizona State Bank about the purchase of sheep, and his recollection was that the bank referred him to Mr. Quebedeaux; that

in August or September of that year he, with Haws, went to Winslow to see if they could buy those sheep, and they met Mr. Quebedeaux at the bank. "He said they did not belong to the Arizona State Bank. I think he qualified that by saying they had belonged to them, but, owing to shortage of money, he had had to take them over, * * * and they belonged to him, and he wanted $10 a head for them. * * * I did not know anything about the Aztec Sheep Company at that time." Haws, who was the sheriff of Apache county in 1924, testified that he had been engaged in the sheep business, and was present with Mr. Greer at the time when the conversation referred to by him was had. "Mr. Greer asked him about those sheep, if they were for sale, and he said, 'Yes.' Mr. Quebedeaux said he owned the sheep. He said he had to take the sheep over. * * * The sheep I am referring to were known as the Aztec Sheep Company's sheep."

[2] The testimony so given was contradicted by the defendant, but the witnesses were in no way impeached or discredited. We find nothing improbable in the testimony which they gave, nor do we find it contradicted by any established or proven fact shown in evidence. If credited by the jury, as it doubtless was, we are not convinced that it was insufficient to sustain a verdict for the plaintiff. Some support of that testimony is found in the fact that, upon the occasion of the transfer of the Arizona State Bank's business to the Winslow Bank, the notes were renewed, not as the notes of the Arizona State Bank, which the defendant now says was the debtor, but as the notes of Aztec Sheep Company, by T. M. Quebedeaux, and were executed by the defendant. Further support is found in the failure of the defendant to show that the bank at any time received the proceeds of the sale of wool, lambs, or sheep from the herd. The rule is too well settled to require the citation of authority that, if there is any substantial evidence to sustain the allegations of the complaint, a peremptory instruction to find for the defendant must be refused. ·

[3, 4] Error is assigned to the admission of the testimony of the witnesses Greer and Haws, for the reason that it related to a conversation had late in August or early in September, 1924, and was inadmissible to show that the defendant was the owner of the sheep at the time of the execution of the notes. To this it is to be said that the defendant, in his answer and in his testimony, specifically denied that the sheep were at any

time his property. His admission, if he made one, to Greer and Haws, that the sheep had been the property of the bank, but that, owing to shortage of money and the demand of the bank for money, he had had to take them over, was properly received in evidence for its tendency to show that he had taken them over at a time when the bank was still engaged in the banking business, and was in need of money to carry it on, which was a time prior to May 12, 1924, the date of the delivery of the notes, and the date on which the Arizona State Bank turned its assets over to the Winslow Bank. We find no error in the admission of the testimony.

[5] Error is also assigned to the admission in evidence of the redelivery bond executed on November 9, 1925, and filed by the defendant in proceedings under which the sheep had been attached in an action brought by Hammons, superintendent of banks of the state of Arizona, as receiver of the Bank of Winslow, against "T. M. Quebedeaux, doing business under the name and style of Aztec Sheep Company." The redelivery bond was offered for its tendency to show that the defendant, so designated as doing business as Aztec Sheep Company, signed and filed a redelivery bond as the owner of the property attached, and that, if the sheep were not his property, the Arizona State Bank and not he would have taken the necessary steps to release them from attachment. We find no error in its admission.

We find no other assignment which requires discussion, and no error for which the judgment should be reversed.

The judgment is affirmed.